**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Michael Bradley,<br><br>Plaintiff,<br><br>v.<br><br>Buyers Edge Platform, LLC and John Davie, individually,<br><br>Defendants. | Case No.: 25-cv-13586 |

**PLAINTIFF'S MOTION TO ALTER JUDGMENT UNDER FED. R. CIV. P. 59(e) AND FOR LEAVE TO FILE AN AMENDED COMPLAINT UNDER FED. R. CIV. P. 15(a)(2)**

Plaintiff Michael Bradley respectfully moves under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment entered on September 14, 2026, and for leave under Rule 15(a)(2) to file the attached Amended Complaint.

## INTRODUCTION

The Court dismissed Bradley's federal securities claims on two independent grounds. First, the Court held that the original complaint did not plead a purchase or sale of securities because the CIUs were employee benefits rather than instruments acquired for tangible, definable consideration. Second, the Court held that the original complaint was not timely filed because its allegations suggested that a reasonably diligent plaintiff would have discovered facts supporting scienter by September 2023.

The proposed Amended Complaint directly addresses both rulings. It alleges additional facts demonstrating that the Second Tranche of 400 CIUs was not an automatic employee benefit, merely continued participation in a company-wide plan, or a gratuitous grant. Rather, it arose from individualized negotiations in connection with Bradley's promotion to President of Produce Alliance.

The Amended Complaint also clarifies the limitations allegations. The September 2023 compensation-letter dispute gave Bradley reason to seek correction of a document. It did not disclose the operative Plan and Award Agreement terms, capitalization information, valuation hurdles, distribution preferences, liquidity restrictions, board-controlled valuation methodology, or facts showing that Davie's earlier valuation and liquidity statements were knowingly false when made. Those facts remained within Defendants' control.

The amendment is timely, targeted, and sought at the outset of the case. Bradley has not had an opportunity to amend after the Court identified these deficiencies. Under controlling Seventh Circuit authority, when a court enters judgment at the same time it dismisses a complaint, a timely Rule 59(e) motion seeking leave to amend is governed by Rule 15(a)(2)'s liberal standard. The judgment should therefore be vacated or altered, and Bradley should be granted leave to file the Amended Complaint.

## BACKGROUND

On September 14, 2026, this Court granted Defendants' motion to dismiss Bradley's Complaint, dismissing his federal securities claims with prejudice and his supplemental state-law claims without prejudice. ECF No. 30. Judgment was entered the same day. ECF No. 31.

The Court identified two independent deficiencies in Bradley's federal securities claims. First, Bradley had not sufficiently alleged that he purchased the CIUs for value, as opposed to receiving them as an incident of his employment. Second, the Court determined that the Complaint's allegations established that a reasonably diligent plaintiff would have discovered facts supporting scienter before November 2023, rendering the claims untimely under 28 U.S.C. § 1658(b).

Bradley now seeks leave to file the Amended Complaint. A redlined version of the Amended Complaint is attached as Exhibit A.

## LEGAL STANDARD

A plaintiff generally cannot amend a complaint after final judgment unless the judgment is first set aside or modified under Rule 59(e) or Rule 60(b). But that procedural requirement does not displace Rule 15(a)(2)'s liberal amendment standard where, as here, judgment was entered with the first dismissal of the complaint.

The Seventh Circuit has held that where a district court dismisses a complaint with prejudice and a Rule 59(e) motion seeks leave to amend, the district court "must still apply the liberal standard for amending pleadings under Rule 15(a)(2)" and "need not find other extraordinary circumstances" to grant relief. *Reilly v. Will County Sheriff's Office*, 142 F.4th 924, 929 (7th Cir. 2025); *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 521-22 (7th Cir. 2015).

Rule 15(a)(2) directs that leave should be freely given when justice so requires. *Runnion*, 786 F.3d at 519. Where the asserted futility ground is limitations, dismissal at the pleading stage is proper only when the complaint itself conclusively establishes untimeliness. *Reilly*, 142 F.4th at 930. If a conceivable set of facts consistent with the amended pleading could defeat the limitations defense, the amendment is not futile. *Id.*

## ARGUMENT

### I. The Proposed Amended Complaint Alleges That the Second Tranche of CIUs Was an Individually Negotiated Securities Transaction.

The proposed Amended Complaint alleges that the Second Tranche of CIUs resulted from an individually negotiated compensation agreement in connection with Bradley's promotion. The Seventh Circuit has recognized that securities transactions may arise in the employment context and that consideration need not take the form of monetary payment. *See Jordan v. Duff & Phelps, Inc.*, 815 F.2d 429, 437 (7th Cir. 1987) ("The securities acts apply to investment decisions, even those made indirectly or bound up with other decisions, such as employment or entrepreneurship"); *Gurwara v. LyphoMed, Inc.*, 937 F.2d 380, 383 (7th Cir. 1991) (recognizing that consideration may take the form of accepting employment). Although neither decision holds that continued employment alone

establishes a securities purchase, both recognize that an employment-related transaction is not categorically excluded from the securities laws.

The Amended Complaint alleges that Bradley engaged in individual negotiations with BEP executives concerning his compensation for the President position. Those negotiations addressed his base salary, annual performance bonus, and additional equity-based compensation. (Ex. A, ¶ 91). Bradley personally requested that BEP either increase his base salary or provide additional equity interests. *Id.* at ¶ 92. Davie and Liesenfelt represented that the Second Tranche was worth more than $500,000 and that Bradley was receiving substantially more CIUs that other employees. *Id.* at ¶¶ 97, 99. Bradley accepted the award through Carta on September 7, 2023. *Id.* at ¶ 107.

These allegations distinguish the Second Tranche from a generalized employee benefit. Bradley did not merely receive CIUs through a company-wide incentive program. Rather, he personally negotiated additional equity compensation in connection with assuming the presidency, BEP specifically approved an additional allocation of 400 CIUs in connection with that promotion, and Bradley accepted the award as part of his compensation arrangement for serving as President. *Id.* at ¶¶ 91-109. The Second Tranche was therefore not simply an automatic or gratuitous employment benefit, but an individualized compensation arrangement involving a specifically negotiated equity award.

The Court previously recognized that the Second Tranche presented a closer question because it was offered as part of Bradley's compensation for his promotion. The additional allegations now identify the negotiations preceding that award, Bradley's personal request for equity compensation, and BEP's approval of the specific allocation. At this stage, those allegations provide a plausible basis to conclude that the Second Tranche arose from a bargained-for exchange rather than solely from Bradley's preexisting employment responsibilities. Accordingly, the proposed amendment is not clearly futile on the ground that Bradley failed to allege a purchase or sale of securities.

## II. The Proposed Amended Complaint Clarifies When Bradley Could Have Discovered Facts Supporting Scienter.

The proposed Amended Complaint clarifies the circumstances surrounding Bradley's September 2023 compensation dispute and the information that remained unavailable to him. Under *Merck & Co. v. Reynolds*, 559 U.S. 633, 648–53 (2010), the two-year limitations period does not begin merely because a plaintiff has reason to investigate possible wrongdoing. Rather, it begins when the plaintiff actually discovers, or a reasonably diligent plaintiff would have discovered, the facts constituting the violation, including scienter. *Id.* Accordingly, the relevant question is not simply whether Bradley had reason to question Defendants' conduct in September 2023. Rather, it was whether a reasonably diligent investigation would have revealed facts establishing scienter.

The proposed Amended Complaint provides additional context concerning the September 2023 dispute. During the August 24, 2023 meeting, Davie expressly confirmed that BEP had approved an additional 400 CIUs in connection with Bradley's promotion and represented that those units possessed substantial value. (Ex. A ¶¶ 95–98.) When BEP subsequently presented Bradley with a written compensation agreement omitting the additional CIUs, Bradley requested that BEP correct the agreement to reflect the terms discussed with its senior executives. (*Id.* at ¶¶ 122–128.) The omission established a discrepancy between the compensation terms discussed by the parties and the proposed written agreement. It did not, however, disclose the material terms governing the CIUs or establish that Davie's earlier representations concerning their nature, value, and enforceability were knowingly false when made. (*Id.* at ¶¶ 132–133.)

Davie's express confirmation that BEP had approved the additional CIUs was consistent with the existence of a dispute concerning the documentation or performance of Bradley's compensation arrangement, rather than necessarily establishing that Davie's earlier representations were fraudulent. Moreover, Defendants maintained exclusive control over the relevant financial and governance documents, leaving Bradley without an independent means of verifying the actual conditions or value of his CIUs or the status of any anticipated liquidity event. (*Id.* at ¶ 134.) The

proposed Amended Complaint further alleges that Bradley did not discover, and could not reasonably have discovered, the full extent of Defendants' alleged fraud until after his December 2023 termination and BEP's subsequent announcement of a $425 million investment in April 2024. (*Id.* at ¶ 132.)

Bradley's dispute concerning the documentation of compensation does not necessarily reveal that Davie's prior representations concerning securities were knowingly false. Nor does the existence of such a disagreement conclusively establish when a reasonably diligent plaintiff would have discovered facts supporting scienter. Under *Merck*, the limitations period is triggered by actual or constructive discovery of the facts constituting the violation, not merely by circumstances suggesting that further inquiry may be warranted. 559 U.S. at 648–53.

At this stage, the question is whether the proposed Amended Complaint conclusively establishes that Bradley actually discovered, or through reasonable diligence would have discovered, facts supporting scienter before November 2023. *See Reilly v. Will County Sheriff's Office*, 142 F.4th 924, 929–30 (7th Cir. 2025). The amended allegations distinguish Bradley's knowledge of a discrepancy in his compensation agreement from discovery of the undisclosed terms and circumstances underlying the alleged securities fraud. At a minimum, they present a factual question concerning what a reasonably diligent investigation would have revealed and when. Because the proposed pleading does not conclusively establish that the securities claims accrued outside the limitations period, amendment is not futile on limitations grounds.

## III. Granting Leave to Amend Would Not Unduly Prejudice Defendants.

Granting leave would not unduly prejudice Defendants. Bradley seeks to amend at the outset of the case, following the first decision addressing the sufficiency of his claims. The proposed pleading concerns the same transactions, parties, and alleged misconduct as the original Complaint. Defendants will retain the opportunity to challenge the sufficiency of the amended allegations through the ordinary procedures governing amended pleadings.

Bradley has proposed additional factual allegations directed to the deficiencies identified by the Court. Because amendment should ordinarily be permitted following the initial dismissal of a complaint unless futility or another recognized ground warrants denial, the Court should alter its judgment and permit the proposed Amended Complaint to be filed.

**CONCLUSION**

For these reasons, Plaintiff Michael Bradley respectfully requests that the Court grant this motion, vacate or alter the judgment entered on September 14, 2026 (ECF No. 31), grant Plaintiff leave to file the proposed Amended Complaint attached as Exhibit A, and grant such other relief as the Court deems just and appropriate.

Dated: October 13, 2026

Respectfully submitted,

*/s/ Wayne Garris*
One of the Plaintiff's Attorneys

The Garfinkel Group, LLC
Wayne Garris (IARDC No. 6328048)
wayne@garfinkelgroup.com
The CIVITAS
701 N. Milwaukee Avenue
Chicago, IL 60642
(312) 736-7991